UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

CITADEL BROADCASTING CORP.,

        Plaintiff,

- against -

JOHN MITCHELL DOLAN,

        Defendant.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

**09 Civ. 6914 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Citadel Broadcasting Corporation has moved for the imposition of sanctions, pursuant to Rule 11 of the Federal Rule of Civil Procedure, against counsel for defendant John Mitchell Dolan. Citadel asserts that the arguments contained in Dolan's motion to dismiss or for summary judgment — which the Court denied in its entirety in an Opinion and Order filed December 21, 2009[1] — were devoid of legal and factual merit. Therefore, Dolan's counsel's decision to file this motion, and subsequent decision not to withdraw it, warrant sanctions.

        A pleading, motion, or other court filing violates Rule 11 when "it is . . . being presented for any improper purpose" or where, "after an inquiry

---

[1] *See Citadel Broadcasting Corp. v. Dolan*, No. 09 Civ. 6914, 2009 WL 4928935 (S.D.N.Y. Dec. 21, 2009).

1

reasonable under the circumstances," an attorney could not conclude either that the "claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" or that the factual contentions have or will have evidentiary support.[2] "'[T]he standard for triggering [sanctions] under Rule 11 is objective unreasonableness' and is not based on the subjective beliefs of the person making the statement."[3] "Rule 11 imposes a duty on every attorney to conduct a reasonable pre-filing inquiry into the evidentiary and factual support for the claim, and to certify that the legal arguments are supported by existing law, and therefore that they are not frivolous."[4] Courts must be cautious in imposing sanctions lest a court chill vigorous advocacy.[5]

---

[2] Fed. R. Civ. P. 11(b).

[3] *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (quoting *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)).

[4] *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178-79 (S.D.N.Y. 2008) (quotation marks omitted).

[5] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, any interpretation must give effect to the Rule's central goal of deterrence. (citation omitted)); *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) ("In framing this standard, we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. . . . But where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be

2

At a pre-motion conference held on September 3, 2009, Dolan explained why he believed this case must be dismissed in favor of arbitration or was otherwise barred from being prosecuted in this forum.[6] I cautioned Dolan against bringing such a motion because it was my preliminary view that Citadel's claims — subject to a certain amendment to the Complaint — were properly brought in this forum.[7] Citadel accordingly amended its Complaint, but Dolan nonetheless filed the motion to dismiss or for summary judgment. Having carefully reviewed the parties' arguments in favor of and against Dolan's motion,[8] I cannot conclude that sanctions are warranted, for Dolan's arguments, though not meritorious, were not frivolous.

For the forgoing reasons, Citadel's motion for sanctions is denied. The Clerk of the Court is directed to close this motion (document number 20).

---

advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated."); *see also Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994); *Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007).

[6] The background of this case as well as Dolan's arguments in support of his motion to dismiss or for summary judgment, and Citadel's arguments against, are fully articulated in my December 21, 2009 Opinion and Order. *See Citadel Broadcasting Corp.*, 2009 WL 4928935.

[7] *See* 9/3/09 Transcript at 17.

[8] *See Citadel Broadcasting Corp.*, 2009 WL 4928935, at *5-*8.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          January 4, 2010

## - Appearances -

**For Plaintiff:**

Sarah E. Bouchard, Esq.
Erica E. Flores, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Melissa C. Rodriguez, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

**For Defendant:**

Robert Kraus, Esq.
Pearl Zuchlewski, Esq.
Jeremy Freedman, Esq.
Kraus & Zuchlewski LLP
500 Fifth Avenue, Suite 5100
New York, NY 10110
(212) 869-4648